Marc J. Randazza, SBN 269535
Alex J. Shepard, SBN 295058
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, Nevada 89147
Telephone: 702-420-2001
ecf@randazza.com

*Attorneys for John Doe*

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *IN RE: Motion of Non-Party JOHN DOE,*<br><br>UNITED FLOW TECHNOLOGIES INTERMEDIATE HOLDCO II, LLC and TW ASSOCIATES, LLC (d/b/a MISCOwater),<br><br>Plaintiffs,<br><br>vs.<br><br>SEAN COHOLAN and GOBLE SAMPSON ASSOCIATES, INC.,<br><br>Defendants. | Case No.: 2:26-at-01753<br><br>*(pending in the United States District Court for the Northern District of California, Case No. 3:26-cv-01845-RS-KAW)*<br><br>**John Doe's Motion to Quash Subpoena to Produce Documents to LinkedIn Corporation**<br><br>DATE: _______<br>TIME: _______<br>JUDGE: ______<br>CTRM: _______ |

**NOTICE OF MOTION AND MOTION TO QUASH**

TO THE PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on ______________ at __________, at the Robert T. Matsui Federal Courthouse, located at 501 I St., 2nd Floor, Sacramento, CA 95814 in courtroom ______________, John Doe moves the District Court for the Eastern District of California to quash the Subpoena to Produce Documents to non-party LinkedIn Corporation on or around August 4, 2026 (the "Subpoena"), pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii) and (iv). The Subpoena seeks to identify John Doe and requests the contents of his communications on the LinkedIn social media platform. The Subpoena was issued in support of a civil action filed in the United States District



RANDAZZA | LEGAL GROUP

Court for the Northern District of California on March 3, 2026, captioned *United Flow Technologies Intermediate HoldCo II, LLC v. Coholan*, No. 3:26-cv-01845-RS-KAW (the "Underlying Action"). A date and time at which this motion in this miscellaneous action will be heard are yet to be determined.

As explained in the attached Brief, Plaintiffs' Subpoena is a transparent attempt to harass John Doe and retaliate against him for bringing greater public awareness to the Underlying Action. It is an attempt to violate John Doe's First Amendment right to anonymous speech, and Plaintiffs have made no attempt to limit the Subpoena's scope to relevant information. The Subpoena also violates the Stored Communications Act by requesting the contents of online communications stored by LinkedIn.

For the reasons set forth in John Doe's Brief in Support of His Motion to Quash Subpoena to Produce Documents to LinkedIn Corporation, the Court can and should quash the Subpoena.

Dated: September 22, 2026. Respectfully submitted,

RANDAZZA LEGAL GROUP, PLLC
/s/ Alex J. Shepard
Marc J. Randazza, SBN 269535
Alex J. Shepard, SBN 295058
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147

*Attorneys for John Doe*



RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

## BRIEF IN SUPPORT OF MOTION TO QUASH

### 1.0 INTRODUCTION AND BACKGROUND

John Doe has a regular practice of helping spread public awareness of litigation where he feels the litigants are improperly trying to avoid public scrutiny. Declaration of John Doe ("Doe Dec."), attached as **Exhibit 1**, at ¶ 2. He learned of the Underlying Action and, after reviewing the docket in that case, observed that Plaintiffs have made multiple attempts to reduce public awareness of that action. *Id.* at ¶ 3. John Doe then went to the LinkedIn page for United Flow Technologies Intermediate HoldCo II, LLC ("UFT"), one of the plaintiffs in the Underlying Action, and posted links to case filings in the Underlying Action so that visitors to UFT's page could view them. *Id.* at ¶ 4. As part of some of these posts, he also provided commentary communicating his views on what he believed were UFT's efforts to avoid public scrutiny regarding the Underlying Action. *Id.* at ¶ 4. John Doe also learned that Berkshire Partners LLC ("Berkshire") had recently provided significant investment funds to UFT and was thus likely aware of UFT's attempts to reduce public awareness of the Underlying Action, and so he published similar posts on Berkshire's LinkedIn page. *Id.* at ¶ 5; "United Flow Technologies Announces Strategic Investment From Berkshire Partners," UNITED FLOW TECHNOLOGIES (Dec. 8, 2025), attached as **Exhibit 2**;[1] Berkshire web page for UFT, attached as **Exhibit 3**.[2] John Doe published his posts on his own initiative; he did not coordinate with Defendants or any other party in publishing them, nor did he publish them to benefit anyone. Doe Dec. at ¶ 6.[3]

Plaintiffs filed their operative Complaint in the Underlying Action on July 10, 2026. *See* Amended Complaint, ECF No. 105, attached as **Exhibit 4**. It asserts several claims for relief based on a former employee, Sean Coholan, allegedly misappropriating Plaintiffs' trade secrets for his benefit and the benefit of his subsequent employer, Goble Sampson Associates, Inc. ("GSA"). LinkedIn is mentioned once, and only in reference to Coholan's account, not John Doe's. *Id.* at 50,

---

[1] Available at: https://www.uft.com/press/strategic-investment-from-berkshire-partners.
[2] Available at: https://berkshirepartners.com/portfolio-companies/united-flow-technologies/.
[3] John Doe unfortunately cannot provide these LinkedIn posts for the Court to review, as UFT and Berkshire promptly removed the posts from their LinkedIn pages. *Id.* at ¶ 7.

RANDAZZA | LEGAL GROUP

¶ 213. The Amended Complaint makes no mention of John Doe's LinkedIn posts, nor does it assert claims against any unknown Doe defendants. John Doe's LinkedIn posts have nothing to do with any claim asserted in the Amended Complaint. It appears Plaintiffs simply did not like that John Doe was bringing public attention to their lawsuit and are now trying to harass him in retaliation.

On or about August 4, 2026, Plaintiffs served the Subpoena on LinkedIn Corporation. *See* Subpoena, attached as **Exhibit 5**. While the Subpoena lists a compliance deadline of August 21, 2026, LinkedIn did not notify John Doe of the Subpoena until September 1, 2026, and represented that it would not comply with the Subpoena if John Doe filed a motion to quash the Subpoena on or before September 22, 2026. Doe Dec. at ¶ 10.

## 2.0 LEGAL STANDARD

When a party seeks discovery that encroaches upon First Amendment freedoms, the party must show that the "information sought is *highly relevant* to the claims or defenses in the litigation – a more demanding standard of relevance than that under Federal Rule of Civil Procedure 26(b)(1)." *Perry v. Schwarzenegger*, 591 F.3d 1126, 1141 (9th Cir. 2010) (emphasis added). The discovery request must also be "carefully tailored to avoid unnecessary interference with protected activities, and the information must be otherwise unavailable." *Id*. The Court must also quash a subpoena if it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3(A)(iii), (iv).

LinkedIn Corporation's registered agent who received the Subpoena is located in Sacramento, California, and the Subpoena requires compliance in Sacramento, California. This Court is the appropriate venue for this motion because Fed. R. Civ. P. 45 instructs that "the court for the district where compliance is required" has primary authority over all subpoena-related motions made under that rule. Fed. R. Civ. P. 45(d); *see also United States ex rel. Ortiz v. Mt. Sinai Hosp.*, 169 F. Supp. 3d 538, 543 (S.D.N.Y. 2016).

RANDAZZA | LEGAL GROUP

## 3.0 ARGUMENT

### 3.1 John Doe Has Standing to Move to Quash the Subpoena

Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv) requires a court to quash a subpoena, on timely motion, if it "requires disclosure of privileged or other protected matter," or it "subjects a person to undue burden." Though John Doe is not a party required to comply with the Subpoena, the Subpoena seeks information about him, including information that could lead to disclosure of his identity, as well as the contents of his communications. John Doe is affected by the Subpoena and thus has standing to bring this Motion. *In re Reddit, Inc.*, 671 F. Supp. 3d 1022, 1025–26 (N.D. Cal. 2023).

### 3.2 The Subpoena Requires Disclosure of Privileged or Other Protected Matter and Subjects John Doe to Undue Burden

#### 3.2.1 The First Amendment right to anonymous speech

The Subpoena should be quashed in its entirety because it violates John Doe's First Amendment rights to anonymous speech. "It is now settled that 'an author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment.'" *Anonymous Online Speakers v. U.S. Dist. Court*, 661 F.3d 1168, 1173 (9th Cir. 2011) (quoting *Talley v. California*, 362 U.S. 60, 64-65 (1960)). The protections apply equally to speech on the Internet. *See Reno v. ACLU*, 521 U.S. 844, 870 (1997); *see also McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 341-42 (1995); *and see Doe v. 2TheMart.com*, 140 F. Supp. 2d 1088, 1093 (W.D. Wash. 2001) (finding "[t]he right to speak anonymously extends to speech via the Internet. Internet anonymity facilitates the rich, diverse, and far ranging exchange of ideas"). Internet users also enjoy a First Amendment interest in their Internet subscriber information. *See Anonymous Online Speakers*, 661 F.3d at 1173; *see also Doe v. SEC*, 2011 U.S. Dist. LEXIS 132983, *8 (N.D. Cal. Nov. 17, 2011).

Even if LinkedIn users are not required to provide their full names to create an account with the service, there is an extremely high probability that a person could learn the identity of a LinkedIn user if they have access to all communications to or from that user. John Doe reasonably believes that if Plaintiffs learn his identity, they will continue their retaliatory harassment – a

RANDAZZA | LEGAL GROUP

concern that is eminently reasonable given the obviously abusive and harassing nature of the Subpoena. Doe Dec. at ¶ 11. Plaintiffs learning John Doe's identity would thus have an unconstitutional chilling effect on John Doe's First Amendment rights; the fear of a service provider like LinkedIn disclosing his identity and the contents of communications that he thought were confidential would lead to a significant degree of self-censorship. Doe Dec. at ¶ 12.

The degree of scrutiny a court should apply in determining whether a party's interests outweigh these First Amendment interests depends on the nature of the speech at issue. *See Anonymous Online Speakers*, 661 F.3d at 1173. The Ninth Circuit has recognized there is a fundamental First Amendment right to publicly comment on pending litigation. *See Dan Farr Prods. v. United States Dist. Court*, 874 F.3d 590, 592–93, 596–97 (9th Cir. 2017) (vacating order prohibiting defendant from publicly commenting about pending litigation); *Estate of Cruz-Sanchez v. United States*, 2019 U.S. Dist. LEXIS 161279, *5–6 (S.D. Cal. Sept. 17, 2019) (recognizing attorney's First Amendment right to comment on pending litigation).

While Plaintiffs assert that *Defendants'* conduct is unlawful, there are no similar allegations as to John Doe's speech. He did no more than comment on the Underlying Action and provide links to publicly filed documents. The information requested by the Subpoena would not only be sufficient to learn his identity, thus removing his ability to speak anonymously, but would also reveal private online communications without any allegation of such communications being in any way actionable. The Subpoena is retaliatory harassment, nothing more.

Anonymous online speakers are entitled to a limited privilege under the First Amendment, which a court **must** consider before allowing discovery. *See Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182, 192 (1999); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 565 (S.D.N.Y. 2004); *Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987). This Court has recognized that "[p]eople who have committed no wrong should be able to participate online without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999).

These concerns would require the Court to quash the Subpoena even if it were directed solely at the individuals identified in the Subpoena. That is not the case here, however. The Subpoena requests "[c]ommunications with and/or relating to [John Doe], including emails and/or other messages sent to or from [John Doe]," as well as "[a]ccount notes, including notes relating to any contact with the user." **Exhibit 5** at Request No. 1(g)–(h). This means that the Subpoena seeks not only communications from John Doe, but also communications of anyone who either sent him a message, received a message from him, or who even talked about him. The scope of the Subpoena thus potentially extends to numerous unidentified individuals, many of whom likely have no relationship whatsoever with any party to this case or to the facts of the case. The Constitution does not permit this.

#### 3.2.2 Plaintiffs cannot overcome John Doe's Constitutional right to anonymity

Courts use a balancing test to determine when disclosure of a speaker's identity is appropriate. The Court should look to the 4-factor test for this scenario articulated in *Doe v. 2TheMart.com*, 140 F. Supp. 2d at 1095:

(1) The subpoena seeking the information was issued in good faith and not for any improper purpose;

(2) The information sought relates to a core claim or defense;

(3) The identifying information is directly and materially relevant to that claim or defense; and

(4) Information sufficient to establish or to disprove that claim or defense is unavailable from any other source.

Under this test, "non-party disclosure is only appropriate in the exceptional case where the compelling need for the discovery outweighs the First Amendment rights of the anonymous speaker." *Id*. Courts in this Circuit have approved of the *2TheMart* test where, as here, a subpoena seeks identifying information of non-parties. *See In re Reddit*, 671 F. Supp. 3d at 1025–26; *see also Sines v. Kessler*, 2018 U.S. Dist. LEXIS 132054, *36 (N.D. Cal. Aug. 6, 2018).



RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

First, the Subpoena was not issued in good faith. It seeks the personal identifying information and personal communications of a non-party who did nothing more than bring greater public awareness to pending litigation and expressed his viewpoint on Plaintiffs' litigation tactics. Plaintiffs are not attempting to uncover the identities of additional defendants, as the Amended Complaint does not name any Doe defendants. The Subpoena is a blatant attempt at harassing John Doe for shining a light on a case that Plaintiffs would like to remain in the dark.

Second and third, Plaintiffs must show that the requested information relates to a core claim or defense and that the identifying information is directly and materially relevant to that claim or defense. *See 2TheMart*, 140 F. Supp. 2d at 1096. There is no possible explanation as to how any of the requested information could possibly be relevant to any claim or defense, particularly since Plaintiffs' Amended Complaint does not name any unidentified LinkedIn users as John Doe defendants and the Amended Complaint does not even arguably premise any of its claims on John Doe's LinkedIn statements.

Fourth, there is no indication that the requested information is unavailable from any other source. The only way the requested information could possibly be discoverable is if there was some kind of coordination between John Doe and Defendants (not that this would be sufficient, given there is nothing actionable about the LinkedIn posts to begin with). But if that were the case, then Defendants would also be in possession of the requested information and Plaintiffs could obtain it from them.

John Doe anticipates Plaintiffs will argue that John Doe's constitutional concerns are minimized here by the existence of a stipulated protective order (ECF No. 88 in Underlying Action). The Ninth Circuit has recognized that, while the existence of a protective order may ameliorate the constitutional harms caused by disclosure of a speaker's identity, it does not remove those harms. The court in *Perry* recognized that "[a] protective order limiting the dissemination of disclosed associational information may mitigate the chilling effect and could weigh against a showing of infringement. **The mere assurance that private information will be narrowly rather than broadly disseminated, however, is not dispositive**." 591 F.3d at 1160 n.6 (emphasis

added). Similarly, the court in *Dole v. Service Employees Union, etc., Local 280*, 950 F.2d 1456, 1461 (9th Cir. 1991), recognized that constitutional harms can arise from *any* disclosure of a speaker's identity, not merely *unlimited* disclosure. This case dealt with a labor union being asked to disclose meeting minutes. The court noted that "a belief that the Department will have access to the Union minutes might well cause some Union members to cease speaking freely at meetings, or to cease attending them at all." *Id.* The existence of a protective order does not negate John Doe's First Amendment interest in maintaining his anonymity, and Plaintiffs' inability to satisfy any portion of the *2TheMart* test means they are not entitled to any of the information they request.

Plaintiffs' Subpoena violates John Doe's First Amendment rights and must be quashed.

#### 3.2.3 The Subpoena is disproportionate, overbroad, and unduly burdensome

The Subpoena requests "[c]ommunications with and/or relating to [John Doe], including emails and/or other messages sent to or from [John Doe]," as well as "[a]ccount notes, including notes relating to any contact with the user" and "[t]he complete change history of the Profile, including each prior name, headline, photograph, profile entry, and the date of each change." **Exhibit 5** at Request No. 1(g)–(h), (k). Constitutional concerns aside, these requests are problematic for multiple reasons. A court may quash a subpoena that is overbroad or seeks irrelevant information. *See Grand Jury Subpoena v. Kitzhaber*, 828 F.3d 1083, 1088 (9th Cir. 2016) (finding that subpoena requesting electronic communications not within scope of legitimate government concern could not be enforced).

Fed. R. Civ. P. 26(b) defines the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense **and proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, **the importance of the discovery in resolving the issues**, and whether the burden or expense of the proposed discovery outweighs its likely benefits" (emphasis added). And while the scope of party discovery is quite broad, in the context of third-party subpoenas "discovery is more limited to protect third parties from harassment, inconvenience, or disclosure of confidential



RANDAZZA | LEGAL GROUP

documents." *Chaudhry v. Angell*, 2021 U.S. Dist. LEXIS 81651, *7 (E.D. Cal. Apr. 28, 2021). Because Plaintiffs' Subpoena seeks information related to First Amendment-protected activities, Plaintiffs must go beyond the requirements of Rule 26 and show that the requested information is "highly relevant" to claims or defenses. *Perry*, 591 F.3d at 1141. The discovery request must also be "carefully tailored to avoid unnecessary interference with protected activities, and the information must be otherwise unavailable." *Id*. Plaintiffs' requests completely fail this test.

The Subpoena is not in any way limited in scope. It asks for all of John Doe's contact information (**Exhibit 5** at Request No. 1(a)–(e)), his bank records and credit card numbers (*id*. at (f)), his IP address logs (*id*. at (i)), and user details for any linked accounts and "connections." *Id*. at (j). This goes well beyond any alleged need to identify a LinkedIn user, particularly one who is not alleged to have done anything actionable. This is in addition to Request No. 1(g)–(h) and (k)–(l), which explicitly request the contents of communications to, from, and regarding John Doe's LinkedIn account with no attempt to identify any relevant timeframe or subject matter. Plaintiffs are asking for every LinkedIn communication to, from, or about John Doe, with no regard for whether they are relevant to anything in this case; if a personal friend of John Doe's sent him a recipe for chocolate cake over LinkedIn, the Subpoena would require disclosure of it. The Subpoena was not issued to obtain discoverable information, but rather to harass John Doe.

The patently abusive scope of the Subpoena is similar to the subpoena at issue in *Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004). The defendant in that case sent a subpoena to the plaintiff's ISP, demanding all of the plaintiff's emails without limiting the scope temporally or to the litigation's subject matter. *Id*. at 1071. The Ninth Circuit recognized this practice as abusive, noting that "[o]ne might have thought . . . that the subpoena would request only e-mail related to the subject matter of the litigation, or maybe messages sent during some relevant time period, or at the very least those sent to or from employees in some way connected to the litigation." *Id*.; *see also Hone v. Presidente U.S.A., Inc.*, 2008 U.S. Dist. LEXIS 55722, *6 (N.D. Cal. July 21, 2008) (finding that subpoena requesting all personal emails and instant messages of plaintiff for six-year period was an "all too familiar fishing expedition which the court does not countenance").



RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

Plaintiffs have done nothing to restrain the scope of their Subpoena. The Subpoena is thus improper under Fed. R. Civ. P. 26 and the Court must quash it.

### 3.3 The Court Should Quash the Subpoena Because it Violates the Stored Communications Act

The Stored Communications Act (the "SCA"), 18 U.S.C. § 2702, prohibits any "person or entity providing an electronic communication service to the public" from "knowingly divulg[ing] to any person or entity the contents of a communication while in electronic storage by that service." 18 U.S.C. § 2702(a).

The Subpoena requests **"[c]ommunications with and/or relating to [John Doe], including emails and/or other messages sent to or from [John Doe],"** as well as "[a]ccount notes, including notes relating to any contact with the user," "[t]he complete change history of the Profile, including each prior name, headline, photograph, profile entry, and the date of each change," and "[d]ates, times, and **content for all public posts and comments**." **Exhibit 5** at Request No. 1(g)–(h), (k)–(l) (emphasis added). The sweep of these requests is broad, and by their plain terms include identifying information related to LinkedIn accounts and the contents of communications both to and from individuals operating these accounts. The Court should quash the subpoena requesting all such content. *Optiver Austl. Pty. Ltd. & Anor v. Tibra Trading Pty. Ltd. & Ors.*, 2013 U.S. Dist. LEXIS 9287, *5–7 (N.D. Cal. Jan. 23, 2013) (quashing in part subpoena requesting emails containing specific search terms and requesting email subject lines as prohibited under the SCA). Thus, LinkedIn may be civilly liable if it complies with the Subpoena. *See* 18 U.S.C. § 2707 (conferring standing on any "subscriber, or other person aggrieved by any violation of this chapter" to bring a private action for violations). Plaintiffs and their counsel may even be civilly liable if LinkedIn complies with the Subpoena. This is an independent reason to quash the Subpoena as to these requests.

### 3.4 The Court Should Grant an Award of Attorneys' Fees

Fed. R. Civ. P. 45(d)(1) provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a

person subject to the subpoena," and that the court "must enforce this duty and impose an appropriate sanction–which may include lost earnings and reasonable attorney's fees–on a party or attorney who fails to comply." This Circuit has had little hesitation in awarding sanctions under this rule where a party has made no effort to restrict the scope of a subpoena to relevant information. *See Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 813–14 (9th Cir. 2003) (affirming award of fees under prior Rule 45(c)(1) due to district court's finding that "no attempt had been made to try to tailor the information request to the immediate needs of the case" because subpoena sought both relevant and irrelevant information, and that the subpoena was "served for the purpose of annoying [sic] and harassment and not really for the purpose of getting information").

For the reasons explained above, Plaintiffs' Subpoena was obviously issued in bad faith for the purpose of harassing and retaliating against John Doe for his protected speech. The Subpoena is grossly overbroad and does not seek any information even conceivably related to any claim or defense in the Underlying Action. Plaintiffs deliberately sought to impose an undue burden and expense on John Doe, and they should be sanctioned for it. This sanction should be in the form of an award of costs and attorneys' fees related to this Motion to Quash, the hearing on this Motion, and a subsequent motion for costs and fees substantiating the amounts requested.

## 4.0 CONCLUSION

For the foregoing reasons, the Court should grant this Motion and quash Plaintiffs' Subpoena, and should also award John Doe's costs and attorneys' fees, to be substantiated in a separate motion.

Dated: September 22, 2026.

Respectfully submitted,

RANDAZZA LEGAL GROUP, PLLC
/s/ Alex J. Shepard
Marc J. Randazza, SBN 269535
Alex J. Shepard, SBN 295058
8991 W Flamingo Rd., Suite B
Las Vegas, NV 89147

*Attorneys for John Doe*



RANDAZZA | LEGAL GROUP

Case No. 2:26-at-01753

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 22, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via electronic mail and U.S. mail to counsel for the parties in the Underlying Action, as follows:

Michael Adamson (SBN 321754)
madamson@susmangodfrey.com
Samantha Frazier (SBN 359803)
sfrazier@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029

Ryan T. Weiss (*pro hac vice*)
rweiss@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096

Counsel for Plaintiffs

William Jhaveri-Weeks (SBN 289984)
wjw@jhaveriweeks.com
Sarah Abraham (SBN 326098)
sa@jhaveriweeks.com
Jacqueline Crispino (SBN 349403)
jc@jhaveriweeks.com
Lucia Childs-Walker (SBN 339750)
lcw@jhaveriweeks.com
THE JHAVERI-WEEKS FIRM, P.C.
351 California Street, Suite 700
San Francisco, CA 94104

Counsel for Defendant
Sean Coholan

Bryan Wilson (SBN 138842)
bwilson@mofo.com
Kenneth A. Kuwayti (SBN 145384)
kkuwayti@mofo.com
James R. Hancock (SBN 293786)
jhancock@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304

Counsel for Defendant
Goble Sampson Associates, Inc.

Respectfully submitted,

/s/ Alex J. Shepard
Alex J. Shepard



RANDAZZA | LEGAL GROUP